UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

STEPHANIE MCDONALD,

                Plaintiff,

        -against-

JOSEPH ESPOSITO, ERIC SUBIN,
SHAPIRO, DICARO & BARAK, LLC, JP
MORGAN CHASE BANK, N.A., GARY
BRUNTON, and BRIDGET M. DEHMLER,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-828 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Stephanie McDonald brings a wrongful foreclosure action against defendants Joseph Esposito; Eric Subin; Shapiro, DiCaro & Barak, LLC; JP Morgan Chase Bank, N.A.; Gary Brunton; and Bridget M. Dehmler. Four defendants move to dismiss the complaint for lack of subject matter jurisdiction based on abstention doctrines. Five defendants also contend that the complaint fails to state a claim. I abstain in part and dismiss the remainder of plaintiff's claims for failure to state a claim.

## BACKGROUND

The following factual allegations are taken from plaintiff's complaint, documents integral to plaintiff's complaint, and documents amenable to judicial notice.

### A.  Factual Background

Records of the Office of the City Register reflect that plaintiff Stephanie McDonald mortgaged real property at 426 Beach 29th Street, Far Rockaway, NY, 11691 for a $456,090 loan on January 8, 2007. *See* Defs.' Mot. to Dismiss Ex. A at 28-36 (Dkt. #7-2). Defendant Chase Bank was assigned the mortgage on April 10, 2012. *See id.* at 37. On June 4, 2018, Chase Bank

1

filed a foreclosure action in Queens County, alleging that plaintiff failed to make a payment in December 1, 2017. *See id.* at 20. On September 26, 2019, the state court granted Chase Bank's motion for default judgment. *See* Defs.' Mot. to Dismiss Ex. J. at 1 (Dkt. #7-12). The state court has ordered a referee to determine the amount owed by plaintiff. *See id.* at 3.

### B.    Procedural History

On February 14, 2020, plaintiff filed this wrongful foreclosure action in federal court. *See* Compl. at 7 (Dkt. #1). She named as defendants Joseph Esposito, the judge in the state court action; Eric Subin, the referee in the state court action; Chase Bank, the claimant in the state court action; Gary Brunton, a vice president of Chase Bank; Shapiro, DiCaro & Barak, LLC, the law firm that represented Chase Bank in the state court action; and Bridget M. Dehmler, an attorney who represented Chase Bank in the state court action. *See id.* at 1-4; Defs.' Mem. of L. in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. at 2-5 (Dkt. #7-15) ("Defs.' Memo").

The complaint can be read to assert three sets of claims. First, plaintiff asserts that the state-court foreclosure action is invalid because she is a "Moor American National." Compl. at 11. The complaint asserts that this status gives her "superior title by law" to the property, *id.* at 7, and renders the foreclosure "unconstitutional" as a violation of "Due Process of Law," *id.* at 10. Plaintiff's opposition further contends that she "is not within the state court[']s jurisdiction" and that the foreclosure action violates the Universal Declaration of Human Rights. Pl.'s Mem. of L. in Supp. of Pl.'s Opp'n to Defs' Mot. to Dismiss at 1, 3 (Dkt. #13) ("Plaintiff's Memo").

Second, plaintiff alleges that she is the "paramount title holder" for the underlying property because she "never gave [her] signature [or] consent to contract with any of the" defendants, Compl. at 8, defendants "ha[d] no authority to transfer or modify [her] deed," *ibid.*, and defendants "commit[ted] a vicious cycle of modification schemes through '[l]ies, [t]rickery, and [d]eception,' *id.* at 7. She therefore asserts that defendants violated several federal civil statutes. *See id.* at 7-8;

15 U.S.C. § 1692e (false or misleading representations in debt collection); 18 U.S.C. § 1962 (racketeering); 29 U.S.C. § 701 (Rehabilitation Act); 42 U.S.C. § 1983 (deprivation of civil rights); 42 U.S.C. § 1985 (conspiracy to interfere with civil rights); 34 U.S.C. § 12601 (pattern or practice).

Third, plaintiff alleges that defendants "colluded to steal [her] property." Compl. at 7. She therefore asserts that defendants have violated several federal criminal statutes. *See id.* at 7-8; 18 U.S.C. § 242 (deprivation of rights under color of law); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1512 (obstruction of justice); 18 U.S.C. § 3 (accessory liability).

As relief, plaintiff's complaint can be read to request an order that her state-court foreclosure action "be dismissed and expunged." Compl. at 11. Plaintiff also asks that defendants "be found guilty" and that they pay compensatory and punitive damages. *Id.* at 11-12.

On April 17, 2020, defendant Eric Subin filed a motion to dismiss the complaint for failure to state a claim. *See* Notice of Mot. (Apr. 17, 2020) (Dkt. #6). On April 27, 2020, defendants Chase Bank and Brunton moved to dismiss the complaint as well. *See* Notice of Mot. (Apr. 27, 2020) (Dkt. #7). They invoked the abstention doctrines of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), and *Younger v. Harris*, 401 U.S. 37, 91 (1971), and argued that the complaint also failed to state a claim. *See* Defs.' Memo at 1. On July 1, 2020, defendants Shapiro, DiCaro & Barak, LLC; and Bridget M. Dehmler moved for a pre-motion conference, seeking leave to file a motion to dismiss that incorporated the arguments made by defendants Chase Bank and Brunton. *See* July 1, 2020 Letter (Dkt. #17). The Court construed this letter as a motion to dismiss incorporating the arguments made by Chase Bank and Brunton. *See* July 6, 2020 Order.

## STANDARD OF REVIEW

A motion to dismiss based on the *Colorado River* abstention doctrine or the *Younger* abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013).  This standard is "essentially identical to the Fed. R. Civ. P. 12(b)(6) standard," *ibid.*, under which the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*.  "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Ibid.*  To assess plausibility, I consider the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotations and marks omitted).

## DISCUSSION

For the reasons explained below, abstention principles bar some but not all of plaintiff's claims.  The remaining portions of plaintiff's complaint must be dismissed, however, because they

4

fail to state a claim.  Plaintiff cannot recover on the grounds that she is a Moorish American National.  She has no private cause of action under any federal criminal law.  And she has not alleged facts that show the violation of any federal civil law.

I.  **Plaintiff's claims for injunctive relief are barred by *Younger* abstention.**

Defendants invoke the *Colorado River* and *Younger* abstention doctrines.  As explained below, *Younger* bars the subset of plaintiff's claims that seek injunctive relief.  But neither *Younger* nor *Colorado River* favors abstention regarding the remaining claims.

A.  ***Younger* abstention is appropriate concerning plaintiff's requested injunctive relief.**

Under *Younger*, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)).  Such abstention is limited to three circumstances: "(1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgements of its courts." *Toczek v. Alvord*, No. 19-4003, --- F. App'x ----, 2021 WL 48153, at *1 (2d Cir. Jan. 6, 2021) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)).

A foreclosure action qualifies as a 'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts.'" *Newman v. Wells Fargo Bank, N.A.*, No. 18-CV-2175, 2019 WL 5694334, at *4 (E.D.N.Y. July 10, 2019); *see Plotch v. Wells Fargo Bank, N.A.*, 2018 WL 344967, at *2 (E.D.N.Y. Jan. 9, 2018) ("Courts have routinely concluded that a pending state court foreclosure proceedings falls within the third category."), *aff'd*, 758 F. App'x 221 (2d Cir. 2019); *Amissah v. Wells Fargo*, No. 19-CV-4624, 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020) ("[F]ederal court intervention in an ongoing state foreclosure proceeding . . . [is] generally barred by *Younger v. Harris*.").  "Accordingly, [p]laintiff's claims for injunctive and

5

declaratory relief" against her proceedings "are barred by the *Younger* abstention doctrine."

*Dimicco v. CitiMortgage, Inc.*, No. 20-CV-755, 2020 WL 804949, at *2 (E.D.N.Y. Feb. 18, 2020);

*Ozuzu v. Greenpoint Mortg. Funding*, No. 19-CV-3783, 2020 WL 5658776, at *6 (E.D.N.Y. Sept.

23, 2020) (abstaining because "plaintiff seeks injunctive relief with respect to the property that is

the subject matter of the underlying state court actions"). These claims include plaintiff's request

for an order that her state-court foreclosure action "be dismissed and expunged." Compl. at 11.

 *Younger* abstention is not appropriate, however, for plaintiff's requests that defendants "be

found guilty" and that they pay compensatory and punitive damages. *Id.* at 11-12. "[A]bstention

and dismissal are inappropriate when damages are sought." *Kirschner v. Klemons*, 225 F.3d 227,

238 (2d Cir. 2000); *Dimicco*, 2020 WL 804949, at *3 ("[T]he Second Circuit has held that claims

for monetary damages should not be dismissed under *Younger* abstention."). Accordingly, these

claims must be assessed for plausibility. *See Dimmico*, 2020 WL 804949, at *3-4; *Yeboah v. Bank

of Am., N.A.*, No. 18-CV-2020, 2019 WL 3388045, at *7 (D. Conn. July 26, 2019) (refusing to

abstain because plaintiff sought "damages under the FDCPA and FCRA").

**B.**  ***Colorado River* abstention is not appropriate as to plaintiff's remaining claims.**

 Under *Colorado River*, federal courts may abstain from exercising jurisdiction "due to the

presence of a concurrent state proceeding." *Colorado River Water Conservation Dist. v. United

States*, 424 U.S. 800, 818 (1976). But such abstention is "an extraordinary and narrow exception

to the duty . . . to adjudicate a controversy." *Id.* at 813. Among other things, abstention is

appropriate only if the state and federal proceedings are "parallel." *See Dittmer v. County of

Suffolk*, 146 F.3d 113, 117-18 (2d Cir. 1998). The parties must be "substantially the same,

litigating substantially the same issues in both actions." *Royal and Sun Alliance Ins. Co. of Canada

v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006). And there must be "a 'substantial

likelihood' that the state court litigation will 'dispose of all of the claims presented in the federal

6

case.'"  *Kingsway Fin. Servs., Inc. v. Pricewaterhousecoopers, LLP*, 420 F. Supp. 2d 228, 232

(S.D.N.Y. 2005) (quoting *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005)).

Plaintiff's federal-court action is not parallel to the state-court foreclosure action.  For one,

the proceedings do not have "an identity of parties."  *U.S. Bank Nat'l Ass'n as trustee Bank of Am.,*

*N.A. v. E. Fordham DE LLC*, 804 F. App'x 106, 107 (2d Cir. 2020).  Although defendant Chase

Bank initiated plaintiff's state-court foreclosure action, in this action plaintiff has also named as

defendants her state court judge; the referee assigned to determine the amount owed on her

mortgage; and the counsel representing Chase Bank.  *See Yeboah*, 2019 WL 3388045, at *9

(refusing to abstain in part because complaint named as defendant "a law firm that is not a party

to the state court proceeding").

Nor are "the issues and relief sought" in the portion of plaintiff's complaint that is not

subject to by *Younger* abstention the same as plaintiff's claims in her state case.  *E. Fordham DE*

*LLC*, 804 F. App'x at 107.  Setting aside the claims as to which *Younger* abstention applies,

plaintiff's claims in her federal case seek to enforce several federal criminal laws, and to obtain

damages for violations of several federal civil laws.  These disputes are not clearly before the state

court, and even if they were, it is not clear that the state court could grant relief on these claims.

*See Simmons v. Reich*, No. 19-CV-3316, 2020 WL 7024345, at *7 (E.D.N.Y. Nov. 30, 2020)

(refusing to abstain because "the question of whether a RICO violation was committed is not

before the state court" and even a favorable decision would not yield "liability for RICO

damages"); *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787, 2019 WL 4752093, at *9

n.12 (E.D.N.Y. Sept. 30, 2019) (refusing to abstain because federal action "concern[ed]

defendants' debt-collection methods[] while the collection action involve the validity of the

underlying debts"); *Sterling v. Deutsche Bank Nat'l Tr. Co. as Tr. for Femit Tr. 2006-FF6, Mortg.*

*Pass Through Certificates, Series 2006-F6*, No. 19-CV-205, 2019 WL 4686549, at *3 (S.D.N.Y.

Sept. 26, 2019) (refusing to abstain because "the state court action involves foreclosure, whereas

this action involves civil RICO claims"). Such doubt regarding the parallel nature of the

proceedings should "be resolved in favor of the exercise of federal jurisdiction." *Iacovacci v.*

*Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 375 (S.D.N.Y. 2020) (quoting *Shields v. Murdoch*,

891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012)).

**II.     Plaintiff's remaining allegations fail to state a claim.**

While I do not abstain with respect to plaintiff's claims other than those that seek to enjoin

or interfere with her foreclosure proceedings, I find that the remainder of plaintiff's complaint fails

to state a claim. First, plaintiff cannot recover damages or other relief on the grounds that she is

not subject to the jurisdiction of the state court as a Moorish American National. The "law is clear

that Moorish Americans, like all citizens of the United States, are subject to the laws of the

jurisdiction in which they reside." *Smith ex rel. Bey*, No. 12-CV-2319, 2012 WL 1898944, at *2

(E.D.N.Y. May 24, 2012) (collecting cases); *see, e.g.*, *Gordon v. Deutsche Bank Nat. Trust Co.*,

No. 11-CV-5090, 2011 WL 5325399, *1 n.1 (E.D.N.Y. Nov. 3, 2011); *Bey v. Bailey*, No. 09-CV-

8416, 2010 WL 1531172, at *3-*4 (S.D.N.Y. Apr. 15, 2010).

Second, plaintiff has no private cause of action to enforce any federal criminal law. "[A]

criminal statute does not routinely create a private right of action without a specific statutory basis

for implying one." *Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019)

(citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see Sheehy v. Brown*, 335 F. App'x

102, 104 (2d Cir. 2009). Plaintiff has not identified any basis to imply a private right of action

under the criminal statutes she cites. *See* 18 U.S.C. §§ 3, 242, 1341, 1512; *see also Robinson v.*

*Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (holding that Section 242 "do[es]

not provide [a] private cause[] of action"); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664,

667 (2d Cir. 1989) (holding that Section 1341 "do[es] not provide a private right of action."); *Sikovenev v. Cuomo*, 447 F. Supp. 3d 58, 61 (W.D.N.Y. 2020) (concluding that Section 1512 has "no private right of action"); *Mortimer v. Grodsky*, No. 20-CV-8192, 2020 WL 6729118, at *3 (S.D.N.Y. Nov. 13, 2020) ("A private party . . . cannot prosecute a criminal action in federal court.").

Third, plaintiff has not alleged facts that suggest defendants violated any federal civil law. She cites several statutes. *See* Compl. at 7-8; 15 U.S.C. § 1692e (false or misleading statements in debt collection); 18 U.S.C. § 1962 (racketeering); 29 U.S.C. § 701 (Rehabilitation Act); 42 U.S.C. § 1983 (deprivation of civil rights); 42 U.S.C. § 1985 (conspiracy to interfere with civil rights); 34 U.S.C. § 12601 (pattern or practice). But there is no "factual content" in the complaint that "allows the court to draw the reasonable inference" that defendants have violated those statutes. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, plaintiff alleges that defendants violated 15 U.S.C. § 1692e. To plead a violation of Section 1692e, however, a plaintiff must at least identify a "false, deceptive, or misleading representation or means in connection with the collection of [a] debt." 15 U.S.C. 1692e. Although plaintiff alleges that she is the "paramount title holder" for the underlying property because she "never gave [her] signature [or] consent to contract with any of the" defendants, Compl. at 8, she has not identified any specific misleading statement from defendants, nor has she explained how that statement "affect[ed] her decision-making process." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (holding that Section 1692e "incorporates a materiality requirement").

Likewise, plaintiff alleges that defendants violated 18 U.S.C. § 1962. To plead a violation of Section 1962, however, a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5)

directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123-24 (2d Cir. 2018) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)).  While plaintiff alleges that defendants "commit[ted] a vicious cycle of modification schemes through '[l]ies, [t]rickery, and [d]eception,'" Compl. at 7, she has not identified any specific acts, and she has not plead any facts to satisfy the remaining elements under Section 1962.

Plaintiff also can be read to allege that defendants violated 29 U.S.C. § 701.  To plead a violation of the Rehabilitation Act, however, a plaintiff must allege that "(1) the employer is subject to the [Rehabilitation Act]; (2) the plaintiff is disabled within the meaning of the [Rehabilitation Act] or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential function of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Hatch v. Brennan*, 792 F. App'x 875, 878 (2d Cir. 2019) (citing *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015)).  Plaintiff has not done so, and there are no facts alleged from which it can be inferred that these elements have been met.

And plaintiff alleges that defendants violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 34 U.S.C. § 12601.  To plead a violation of Section 1983, however, plaintiff must at least allege that defendants have "violate[d] a constitutional or statutory right." *Edrei v. Maguire*, 892 F.3d 525, 532 (2d. Cir. 2018).  And to plead a violation of Section 1985 and related statutes, a plaintiff must at least plead facts suggesting "(1) a conspiracy, (2) which has an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right." *Sheehy*, 335 F. App'x at 104.  Plaintiff has not explained how defendants' conduct violates any

10

federal law, and she has not alleged any facts from which it can be reasonably inferred that defendants agreed to deprive her of federal rights.  To the extent plaintiff alleges any further claims, these allegations are too conclusory to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the complaint must be dismissed.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice.  For a *pro se* plaintiff, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Mortigsugu*, 222 F.3d 112 (2d Cir. 2000).  Plaintiff may file an amended complaint on or before May 17, 2021 that addresses the defects outlined in this opinion.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:          March 18, 2021
                Brooklyn, New York

11